Eleanor JEHLE, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Civ. A. No. 83–1189.

United States District Court,
District of Columbia.

Jan. 9, 1985.

---

# MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

Plaintiff, a female employee of the Department of Health and Human Services, filed this action alleging that the defendant had breached a personnel agreement to settle her grievances and had violated the Equal Pay Act, 29 U.S.C. § 206. Plaintiff sought retroactive promotion to a GS–14, backpay, liquidated damages, injunctive relief to enforce the agreement, and reasonable costs and attorney's fees.

On March 8, 1984, the parties agreed to a partial settlement: plaintiff withdrew the breach of contract claim and defendant agreed to pay plaintiff a sum of backpay and liquidated damages for the period between June 1980 to November 1981, and attorney's fees through January 3, 1984. Cross-motions for summary judgment were to be and have been filed on the remaining issues in this case, all of which relate to the Equal Pay Act. These motions are now before the Court.

The principal facts of the case are undisputed. Plaintiff has been employed as a GS–345–13 Program Analyst in the Office of Legislation and Policy, Health Care Financing Administration, of the Department of Health and Human Services since June 1980. From that time on until November 1981, one Robert Logan was employed as a GS–345–14 Program Analyst in the same Office. According to the parties' stipulation, plaintiff and Logan "performed substantially equal work under similar working conditions, during the time-period June 1980 to November 1981 and that plaintiff continues to perform substantially the same work as she did from July 1980 to November 1981." It was also stipulated that "Logan left in November 1981 and has performed work substantially different from plaintiff."

Logan's position was originally a GS–13, but in January 1981, the position was subjected to an audit and, as a result of that audit, it was classified retroactively to a GS–14. However, an audit of plaintiff's

---

Joseph B. Scott, William S. Aramony, Kator, Scott & Heller, Washington, D.C., for plaintiff.

Diane M. Sullivan, Asst. U.S. Atty., Washington, D.C., for defendant.

job in April 1981 resulted in a GS–13 position description.[1]

The issues to be decided in this case are (1) whether defendant's refusal to pay plaintiff at the GS–14 rate constitutes a continuing violation of the Equal Pay Act even though there is presently no male in the office receiving the higher salary, and (2) if the answer is in the affirmative, what remedy is appropriate.

## I

■ As noted, the parties have stipulated that a male employee received higher pay than a female employee performing substantially equal work under similar working conditions from June 1980 to November 1981. The defendant has offered no legitimate justification for this pay discrepancy, and a violation of the Equal Pay Act for the period of June 1980 to November 1981 is thus established.[2] Indeed, the question of liability for this time period was resolved in the partial settlement and is therefore no longer before the Court. Rather, the question now is whether Logan's departure in November 1981 "cures" the Equal Pay Act violation. The Court concludes that it does not.

The Department of Labor has issued regulations directed at enforcing the Equal Pay Act[3] which clearly state that violations of the Act are not limited to jobs performed concurrently by employees of both sexes.

According to these regulations, payment of a lower wage rate based upon sex for equal work is a prohibited wage differential even "if all employees of one sex are removed from a particular job (by transfer or discharge) so as to retain employees of only one sex in a job previously performed interchangeably or concurrently by employees of both sexes."[4]

This appears to be exactly the situation presented in this suit. A violation of the Act occurred when plaintiff and Logan performed substantially equal work but plaintiff was paid at a lower rate. Logan has since departed, leaving only female employees to perform the identical work, and plaintiff, in fact, continues to perform substantially the same work without any increase in pay to the Logan level. The purpose of the statute, the language of the regulation, and common sense lead the Court to conclude that the Equal Pay Act violation is continuing and will continue until plaintiff receives the same pay that Logan received for performing substantially equal work. But see p. 127 *infra*.[5]

## II

■ An employer who violates the Equal Pay Act is liable to the employee in the amount of unpaid wages, and plaintiff therefore clearly has a right to recover the difference in salary between that paid to her since November 1981 and that which

1. Plaintiff disputes the characterization of the April audit, claiming that it was not a full-fledged desk audit.

2. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974); *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1049 (5th Cir.1973); *Schultz v. Wheaton Glass Co.*, 421 F.2d 259, 265 (3d Cir.1970). See also 29 C.F.R. § 800.122 (1984).

3. These regulations are, of course, entitled to deference here. See *Laffey v. Northwest Airlines*, 567 F.2d 429, 449 (D.C.Cir.1976).

4. The regulation goes on to state that "if a prohibited sex-based differential had been established or maintained in violation of the Act when the same job was being performed by employees of both sexes, the employer's obliga-

tion to pay the higher rate for the job cannot be avoided or evaded by the device of confining the job to members of the lower paid sex. Compliance with the Act in such circumstances can be achieved only by increasing the wage rate to the higher rate paid for the job when performed by employees of the opposite sex." 29 C.F.R. § 800.114(c).

5. The statute of limitations does not operate to bar or limit recovery in this case. The parties have settled with respect to the Equal Pay Act violations which occurred between June 1980 and November 1981. The violations before this Court are those which occurred from November 1981 to the present time. In such circumstances, a violation occurs each pay period when plaintiff is paid less than a male employee for the same work. *Jenkins v. Home Insurance Co.*, 635 F.2d 310 (4th Cir.1980).

she would have received had she been a GS–14.

▮ Beyond that, the employer may be liable for an additional, equal amount of liquidated damages.[6] The Court has discretion not to award liquidated damages if the employer shows that the act or omission giving rise to the action was done in good faith and that he had reasonable grounds for believing that his act or omission was not a violation.[7] The Court finds that liquidated damages are not appropriate in this case. There is no evidence that the Department of Health and Human Services was doing anything other than following what it regarded as routine classification regulations. There likewise is no evidence that the Department persisted in its course of conduct after it had become apparent, as a result of court or administrative decision, that such a course was improper. There is therefore no basis for liquidated damages.

### III

▮ Plaintiff also seeks promotion to a GS–14 position, claiming that only a promotion will remedy the continuing violation of the Equal Pay Act. Defendants respond that the Act does not explicitly provide for the remedy of a promotion, and that the Court is therefore limited to awarding backpay and liquidated damages.

As stated above, defendants are continuing to violate the Equal Pay Act, and plaintiff's claim for relief accrues each pay period, that is, whenever she receives the lower salary for substantially equal work. If defendants' theory were correct, plaintiff could remedy the violation only by filing new lawsuits every two weeks, or, in the alternative, this Court would have to retain jurisdiction over the action and make continual backpay awards. Such a process clearly conflicts with the need for judicial economy and it imposes an unreasonable and unnecessary burden on plaintiff. Fur-

thermore, since the Court has the authority to award liquidated damages and attorney's fees, this process would ultimately be more expensive for the government than an order requiring the promotion of plaintiff to a GS–14. Accordingly, in order to provide plaintiff with a complete remedy, the Court orders her promotion to a GS–14.

It should be noted that the government has *not* argued that Logan's position was overgraded. If in the course of a bona fide full-fledged classification review, it is ultimately determined that the position should be classified at a different GS-level, the government may prospectively change the position rating.[8] But until there has been a classification review, plaintiff is entitled to the rating which has been established, for this position at least for Equal Pay Act purposes, by the classification awarded to Logan, the male employee—a GS–14.

---

6. 29 U.S.C. § 216(b). Attorney's fees and costs are also allowed. 29 U.S.C. § 216(b).

7. 29 U.S.C. § 260.

8. The usual procedure for challenging a reclassification would then be available to an aggrieved employee.